United States District Court
Southern District of Texas
**ENTERED**
August 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J. MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00088 |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a motion to dismiss filed by Defendant Allstate Insurance Company. *See* Dkt. 34. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be granted.

## BACKGROUND

Plaintiff Andrew J. Mitchell was, at all relevant times, an individually licensed Louisiana public adjuster. Mitchell conducted his adjusting business through Mitchell Adjusting International, LLC ("MAI"). When MAI contracted with an insured to provide adjusting services, the insured was required to execute a Notice of Authorization ("NOA") to its insurer—here, Allstate—"directing Allstate to include the adjusting representation as additional payee." Dkt. 31 at 9.

Mitchell has sued Allstate because, after providing adjusting services to certain of Allstate's insureds—each of whom executed an NOA directing that MAI be included as an additional payee on any settlement checks—Allstate failed to include MAI on the settlement checks. Mitchell asserts three claims against Allstate, each pleaded in the alternative: (1) unjust enrichment; (2) conversion; and (3) tortious interference with vested compensation.

Allstate has moved to dismiss Mitchell's claims against it. The parties spill much ink over whether Mitchell's May 18, 2026 First Amended Complaint (Dkt. 29) or June 15, 2026 First Amended Complaint (Dkt. 31) is the operative

pleading in this case,[1] and whether Mitchell—as opposed to MAI—has standing to bring the claims at issue. The parties have missed the forest for the trees. Neither Mitchell nor MAI can state a claim against Allstate, and that is all that matters.[2]

## LEGAL STANDARD

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is

[1] The operative pleading is Dkt. 31, the most recent pleading that Mitchell himself—as opposed to court staff—filed. Allstate has spent unnecessary time and energy debating whether Dkt. 31 is properly the operative pleading. Due to Mitchell's incarceration, there will inherently be some overlap in communication between the court and Mitchell, which is sent via mail. On June 15, 2026, when Mitchell filed Dkt. 31 by delivering it to prison authorities, the last thing he had read from this court was a minute entry denying his motion for leave to file an amended complaint (Dkt. 26) as moot because Judge Brown had already given Mitchell 30 days from May 20, 2026, to file an amended complaint. *See* Dkt. 27. Thus, Mitchell thought he had until June 19, 2026, to file an amended complaint. That is exactly what Mitchell did when he delivered his June 15, 2026 pleading to prison authorities for filing. Mitchell had no reason to think that whatever he filed by June 19, 2026, had to match the document attached to the motion for leave that the court had already mooted. If Allstate was confused about which document was the operative pleading, it could have (and should have) sought clarification.

[2] Allstate also challenges venue. Allstate waived that challenge by not raising it in its first motion to dismiss (Dkt. 17). *See* Fed. R. Civ. P. 12(h)(1). Allstate contends that its venue defense was "revived" when Mitchell "dropped every Texas claim." Dkt. 36 at 9. It was not. "[T]he specific events giving rise to [each] claim" determine the propriety of a given venue. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018). Mitchell's *claims* may have changed, but the *facts* giving rise to those claims have not. Mitchell has always alleged that his claims arise from his work as a Louisiana public adjuster handling "Louisiana claims arising from Louisiana losses on Louisiana property." Dkt. 36 at 9. Thus, Allstate waived its venue challenge by neglecting to raise it in its first motion to dismiss. Moreover, Mitchell is correct that his claims based on his work as a Louisiana licensed public adjuster on contracts executed by Louisiana insureds regarding Louisiana property are all claims governed by Louisiana law. *See* Dkt. 31 at 11–12.

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

## ANALYSIS

Mitchell brings three causes of action against Allstate, each pleaded in the alternative: (1) unjust enrichment; (2) conversion; and (3) tortious interference with vested compensation. I will address each claim in turn.

### A. UNJUST ENRICHMENT

Mitchell asserts that Allstate was unjustly enriched when it excluded him "from settlement instruments in derogation of the NOAs" executed by the insureds with whom MAI contracted. Dkt. 31 at 13. Louisiana recognizes a claim for unjust enrichment when a person is "enriched without cause at the expense of another person." La. C.C. Art. 2298. The remedy, however, "is subsidiary and shall not be available if the law . . . declares a contrary rule." *Id.*

Here, Louisiana law has an explicit contrary rule: "The salary, fee, or other consideration to be paid to the public adjuster is the obligation of the insured, *not the insurer*." La. Rev. Stat. § 22:1704(E)(5) (emphasis added). Whatever relief Mitchell believes he is owed, he must pursue such relief from the insureds, not the insurer. Accordingly, Allstate is entitled to dismissal of Mitchell's unjust enrichment claim.[3]

**B. CONVERSION**

Alternatively, Mitchell asserts that Allstate has converted his property. "A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756, 760 (La. 1985). To state a conversion claim, Mitchell must plead facts showing his "ownership of the funds" at issue. *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 216 (5th Cir. 1986). Mitchell cannot do this.

The NOAs do not assign ownership of the settlement proceeds to Mitchell. Rather, the NOAs merely provide that Mitchell should be included "as additional payee." Dkt. 31 at 9. Any funds issued from Allstate to the insureds remained *the insureds'* property, not Mitchell's. The insureds have an obligation to compensate Mitchell, but that does not give Mitchell ownership of those funds. Because Mitchell cannot establish ownership over the settlement proceeds that Allstate sent to its insureds, Mitchell cannot state a conversion claim against Allstate. *See Unimobil 84*, 797 F.2d at 216.

---

[3] Mitchell works for the insureds, not Allstate. Mitchell owes "complete loyalty" to the insureds to "best serve the insured's insurance claim needs and interest," not Allstate's needs and interests. La. Stat. Ann. § 22:1706(A). It is the insureds who are enriched by Mitchell's services, not Allstate. To the extent Allstate is incidentally enriched, it remains the insured, not Allstate, who is obliged to pay Mitchell. *See id.* § 22:1704(E)(5).

## C. Tortious Interference with Vested Compensation

As an alternative to his unjust enrichment and conversion claims, Mitchell asserts a claim for "tortious interference with vested compensation." Dkt. 31 at 14. Those words do not appear in any case law, and I cannot locate any authorities suggesting that "tortious interference with vested compensation" is a cognizable cause of action under Louisiana law. Thus, I will charitably construe this claim as one for tortious interference with contract.

At least one Louisiana court of appeal has held that the tortious interference doctrine "should not be expanded to include corporate entity defendants." *Tech. Control Sys., Inc. v. Green*, 809 So. 2d 1204, 1209 (La. App. 3 Cir. 2002). That is reason enough to grant Allstate's motion to dismiss. But even if Louisiana law recognized a tortious interference claim against a corporate entity defendant, Mitchell fails to state such a claim.

Louisiana law "requires that the defendant owe a duty to the plaintiff in order for the plaintiff to have a viable claim for tortious interference with a contract." *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 396 (5th Cir. 2012) (citing *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 232–34 (La. 1989)). Mitchell asserts that Allstate's duty to him derives from the NOAs that the insureds executed. *See* Dkt. 31 at 15 ("Allstate had actual notice of the executed NOAs on each of the claims at issue and was aware that the licensed adjusting labor on those claims had been personally performed by [Mitchell] as an individually licensed Louisiana Public Adjuster."). The argument that the NOAs created a duty flowing from Allstate to Mitchell flies in the face of Louisiana's explicit statutory instruction regarding responsibility for paying a public adjuster's fee: "The salary, fee, or other consideration to be paid to the public adjuster is the obligation of the insured, not the insurer." La. Rev. Stat. § 22:1704(E)(5). Because Louisiana law does not support the notion that the NOAs created a duty flowing from Allstate to Mitchell, Allstate is entitled to dismissal of Mitchell's tortious interference with vested compensation claim.

## CONCLUSION

For the reasons discussed above, I recommend that Allstate's motion to dismiss (Dkt. 34) be granted and Mitchell's case be dismissed with prejudice.[4]

The parties have 14 days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 27th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

[4] Louisiana law clearly states that insureds are responsible for paying their public adjusters, not insurers. There is simply nothing that Mitchell (or MAI, for that matter) could re-plead to change the outcome here. Because the defects in Mitchell's case are incurable, any amendment would be futile.