United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00088 |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On March 25, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 9. Judge Edison filed a memorandum and recommendation on August 27, 2026, recommending that Defendant Allstate Insurance Company's motion to dismiss (Dkt. 34) be granted and Plaintiff Andrew Mitchell's case dismissed with prejudice. Dkt. 37.

On September 3, 2026, Mitchell filed his objections to the memorandum and recommendation. Dkt. 38. Mitchell simultaneously filed a motion for leave to file a second amended complaint. Dkt. 39. Because Mitchell seeks the same relief in his motion for leave as in his objections, the court will address the motion for leave alongside the objections. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which

objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court. In his objections, Mitchell abandons his previous claims and objects only to Judge Edison's recommendation that dismissal be with prejudice because amendment would be futile.[1]

Mitchell seeks leave to amend to assert a general negligence claim under Louisiana Civil Code Art. 2315. Mitchell acknowledges that to state such a claim, he must point to a duty arising from statutory law, jurisprudence, or general principles of fault that flows from Allstate to Mitchell. Dkt. 39-1 at 4. Mitchell argues that "Allstate owed a duty to exercise reasonable care in its own handling and disbursement of settlement proceeds." Dkt. 39-1 at 2. Even assuming Louisiana law imposes such a duty, Mitchell has not shown that such a duty runs to him. Any duty governing Allstate's payment of settlement proceeds would run to Allstate's insured and, perhaps, the insured's designated payee, co-payee, or assignee. Mitchell is none of those. As Mitchell acknowledges, when an "insured

[1] Mitchell also objects to the extent the court would enter a ruling "adjudicating any claim of [Mitchell Adjusting International, LLC (MAI)]." Dkt. 38 at 6. As the court has already explained, MAI can appear in federal court only through licensed counsel. Dkt. 21. Because MAI has not appeared through licensed counsel, MAI is not before this court, and this court cannot adjudicate any claims pertaining to MAI.

executed a written Notice of Authorization directing Allstate to include the adjusting representation as an additional payee on 'all settlement checks, drafts and/or payments' . . . [t]hose directions identified MAI as the additional payee," not Mitchell. *Id*. at 6. Mitchell's argument is essentially that, because Allstate knew that its manner of paying its insured could affect Mitchell economically, Allstate had a duty to exercise reasonable care not to cause him economic harm. But that is an argument concerning the foreseeability and directness of Mitchell's injury—matters bearing on the *scope* of a duty—not the antecedent question of whether Allstate owed Mitchell a duty at all. *See Campbell v. Orient-Express Hotels La., Inc.*, 403 So. 3d 573, 584 (La. 2025) ("A duty must first be established, before the 'extent'/scope of that duty is considered."). Because Mitchell has not identified a recognized duty flowing from Allstate to him, permitting Mitchell to amend his complaint would be futile.

It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation (Dkt. 37) is approved and adopted in its entirety as the holding of the court;

(2) Allstate's motion to dismiss (Dkt. 34) is granted;

(3) Mitchell's motion for leave (Dkt. 39) is denied; and

(4) This case is dismissed with prejudice.

SIGNED on Galveston Island this 22nd day of September, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE